THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Bon Secour St.
 Francis Xavier Hospital, Inc.; and CareAlliance Health Services, Inc. d/b/a
 Roper St. Francis Healthcare, Appellants,
 
 
 
 
 

v.

 
 
 
 Barton Malow
 Company; HKS, Inc.; STO Corp.; Fort Roofing & Sheet Metal Works, Inc.;
 CBC; Johns-Manville; Gulf Coast Building Systems, Inc.; Quorum Health
 Resources, Inc.; Fidelity & Deposit Company of Maryland; Kawneer Company,
 Inc.; and Jennings Paint and Glass Company, Inc., Defendants, 
 
 
 Of Whom STO
 Corp. is the Respondent.
 
 
 
 
 

 
 
 
 Barton Malow
 Company, Defendants/Third-Party Plaintiff
 
 
 

v.

 
 
 
 Atlantic Coast
 Mechanical, Inc., United States Fidelity & Guaranty Company, ABG Caulking
 Contractors, Inc. a/k/a ABG Caulking, Inc. and/or ABG Caulking Contractors,
 Jennings Paint and Glass Co., Inc., and Old Republic Surety Company,
 Third-Party Defendants.
 
 
 

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court
Judge

Unpublished Opinion No.  2010-UP-440
 Submitted October 1, 2010 - Filed October
13, 2010

AFFIRMED

 
 
 
 W. Jefferson Leath, Jr. and Michael S.
 Seekings, of Charleston, for Appellants.
 Sandra L.W. Miller and Robert Fields, of
 Greenville, for Respondent.
 
 
 

PER CURIAM:  Bon
 Secour St. Francis Xavier Hospital, Inc. and CareAlliance Health Services,
 Inc., d/b/a Roper St. Francis Healthcare (Appellants) appeal from the jury's general
 verdict in favor of STO Corp.  Although the trial court submitted to the jury the
 issue of Appellants' compliance with the statute of limitations, Appellants
 failed to argue this issue on appeal.  We affirm pursuant to Rule 220, SCACR,
 and the following authorities:  Cole v. Raut, 378 S.C. 398, 406-07, 663
 S.E.2d 30, 34 (2008) (stating under the two-issue rule, when a jury returns a
 general verdict in a case involving two or more issues or defenses, and the
 verdict is supported as to at least one issue or defense that has been
 presented to the jury free from error, the verdict will not be reversed); Jones
 v. Lott, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two
 issue rule, where a decision is based on more than one ground, the appellate
 court will affirm unless the appellant appeals all grounds because the
 unappealed ground will become the law of the case."); First Union Nat'l
 Bank of S.C. v. Soden, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998)
 (holding an "unchallenged ruling, right or wrong, is the law of the case
 and requires affirmance"); Sierra v. Skelton, 307 S.C. 217, 225-26,
 414 S.E.2d 169, 174-75 (Ct. App. 1992) (applying the two-issue rule to affirm a
 general jury verdict for the plaintiff where the trial court erred in its
 charge on abuse of process but the defendant alleged no error in submitting the
 plaintiff's remaining claim to the jury); Cole, 378 S.C. at 407, 663
 S.E.2d at 34 (noting the two-issue rule is consistent with the established
 notion that the appellate courts in this state "exercise every reasonable
 presumption in favor of the validity of a general verdict").  
AFFIRMED.
FEW, C.J., and HUFF and
 GEATHERS, JJ., concur.